UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY PEI,<br><br>    Plaintiff,<br><br>    v.<br><br>DONG FENG WANG, et al.,<br><br>    Defendants. | Case No. C19-926-RSM<br><br>ORDER SETTING DEADLINE TO EFFECT SERVICE ON FOREIGN DEFENDANTS |

This matter comes before the Court *sua sponte*. Plaintiff Henry Pei, proceeding *pro se*, filed his Complaint on June 14, 2019, against Defendants Dong Feng Wang, Qin Xu, Ke Zhi Zhao, and Qing Wei Zhang. Dkt. #1. It appears that all four defendants reside in China. *Id.* at 4. On August 5, 2019, Plaintiff moved for an extension of the initial disclosure deadlines by four to five weeks due to a problem with delivering the summonses to China. Dkt. #3. On August 13, 2019, the Court granted Plaintiff's motion to extend the initial disclosure deadlines and extended the deadline for the Rule 26(f) discovery conference to November 20, 2019, initial disclosures to November 27, 2019, and the Joint Status Report to December 4, 2019. Dkt. #4.

On October 9, 2019, Plaintiff filed a notice to the Court indicating that he traveled to China with friends in an effort to serve Defendants but was unsuccessful. Dkt. #5 at 1 ("[T]hey refused to meet me. All the places they go were guarded by police. I was not able to deliver the

ORDER SETTING DEADLINE TO EFFECT SERVICE ON FOREIGN DEFENDANTS - 1

summons."). He also explains that he tried to hire a local law firm to serve Defendants, but the law firms were afraid to take the case. *Id.* On October 24, 2019, Plaintiff filed another notice to the Court attaching his original pleading and advising that because "me and my Chinese attorney were threatened, we failed to deliver the summons despite our best effort." Dkt. #6 at 1. On December 2, 2019, Plaintiff filed a second notice to the Court identical to his earlier notice on October 24, 2019, Dkt. #6, explaining that he failed to deliver the summonses due to threats and advising of his intention to attend conferences scheduled by the Court in November and December 2019. Dkt. #8. The Court clarifies that no conferences have been set in this matter, and the dates set forth in its scheduling order, *see* Dkts. #2, #4, refer to deadlines to file initial disclosures—not conferences held at the courthouse.

As of the date of this Order, no defendant has appeared in the case. Based on the record, Plaintiff has failed to properly serve Defendants. Plaintiff is advised to review the requirements in Federal Rule of Civil Procedure 4(f) for service on defendants located outside the United States. Under Rule 4(m), service is required within 90 days after the Complaint was filed in this case, after which dismissal of the case is appropriate. Fed. R. Civ. P. 4(m). However, the 90-day deadline set forth in Rule 4(m) does not apply to service in a foreign country. *See id.* ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)"). *See also Lucas v. Natoli*, 936 F.2d 432–33 (9th Cir. 1991) ("[T]he plain language of [Rule 4(m)] makes the [service deadline] inapplicable to service in a foreign country.") Because Rule 4(f) does not impose any specific time limits, courts have found that there is no specific deadline for service of foreign defendants. *Sport Lisboa e Benfica - Futebol SAD v. Doe 1*, No. CV 18-2978-RSWL-E, 2018 WL 4043182, at *4 (C.D. Cal. Aug. 21, 2018).

ORDER SETTING DEADLINE TO EFFECT SERVICE ON FOREIGN DEFENDANTS - 2

However, "the amount of time allowed for foreign service is not unlimited." *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005). For that reason, where necessary, a court "may set 'a reasonable time limit for service in a foreign country to properly manage a civil case.'" *Sport Lisboa*, 2018 WL 4043182, at *4 (quoting *Baja Devs. LLC v. TSD Loreto Partners*, NO. CV-09-756-PHX-LOA, 2009 WL 2762050, at *1, 2009 U.S. Dist. LEXIS 83268 at *3 (D. Ariz. Aug. 28, 2009)). Where there is a reasonable prospect that service may yet be accomplished and there is no unfair prejudice to the defendant, a court should allow the plaintiff to effect proper service. *DiMaio v. Cty. of Snohomish, Dep't of the Sheriff*, No. 17-0128JLR, 2017 WL 3288177, at *4 (W.D. Wash. Aug. 2, 2017) (citing *Umbenhauer v. Woog,* 969 F.2d 25, 30 (3d Cir.1992)).

Here, this case has been pending since June 14, 2019. Plaintiff has failed to adequately explain how he has attempted to serve Defendants since returning from China, including the manner of service attempted and the dates he attempted service. It therefore remains unclear to the Court to what extent Plaintiff has made or continues to make good faith efforts to serve Defendants in a timely manner. *See Baja Devs. LLC*, 2009 WL 2762050, at *2 (setting service delay after plaintiff's unexplained delays in serving defendant). The Court will not, at this time, order Plaintiff to explain his service attempts. However, the Court will impose a reasonable time limit for accomplishing service of process on Defendants. Specifically, the Court directs Plaintiff to accomplish service within **ninety (90) days** from the date of this Order. If Plaintiff is unable to accomplish service by the 90-day deadline, he shall file a Response detailing his efforts to serve Defendants. This Response shall not exceed **six (6) pages**. If Plaintiff is unable to serve Defendants within ninety (90) days and fails to file a Response that adequately explains his efforts to effect service, the Court will dismiss this case at that time for failure to serve.

ORDER SETTING DEADLINE TO EFFECT SERVICE ON FOREIGN DEFENDANTS - 3

Accordingly, it is hereby ORDERED that Plaintiff shall either serve Defendants within **ninety (90) days** from the date of this Order or, alternatively, file a Response containing the detail set forth above.

DATED this 6th day of December 2019.

                                                  RICARDO S. MARTINEZ
                                                  CHIEF UNITED STATES DISTRICT JUDGE